**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**SECURITIES AND EXCHANGE COMMISSION**,

      Plaintiff,

v.                                                                              **Case No. 6:12-cv-646-Orl-37KRS**

**CHRISTEL S. SCUCCI; KAREN S. BEACH;
CAMERON H. LINTON, ESQ.; PROTÉGÉ
ENTERPRISES, LLC; and CAPITAL EDGE
ENTERPRISES, LLC**,

      Defendants.
_____/

## ORDER OF PERMANENT INJUNCTION
## AGAINST DEFENDANT CHRISTEL S. SCUCCI

The Securities and Exchange Commission filed a Complaint against Defendant Christel S. Scucci and others, alleging that Defendant Scucci and others violated various provisions of the federal securities laws.  The Commission has filed a Renewed Motion for Entry of the Order of Permanent Injunction Against Defendant Christel S. Scucci ("Motion") and an accompanying memorandum of law ("Memorandum").

The Court, having reviewed the Motion, the Memorandum, the pleadings and the file in this matter and being fully advised as to the premises, and it appearing that the Motion should be granted:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Commission's Motion for Entry of the Order of Permanent Injunction as to Defendant Scucci is **GRANTED**. Defendant Scucci entered a general appearance; consented to the Court's jurisdiction over her and the subject matter of this action; consented to entry of this Order without admitting or denying the allegations of the Complaint (except as to jurisdiction);

waived findings of fact and conclusions of law; and waived any right to appeal from this Order.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Scucci and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15

U.S.C. § 77h].[1]

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Scucci is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock, pursuant to Section 20(g) of the Securities Act [15 U.S.C. §77t(g)] and Section 21(d)(6) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(6)]. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Scucci shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of

---

[1] The Court is aware of the U.S. Court of Appeals for the Eleventh Circuit's recent opinion in *SEC v. Goble*, 682 F.3d 934 (11th Cir. 2012), which held that an overly broad, "obey-the-law" injunction was impermissible in the context of Sections 10b-5, 15, and 17 of the Securities Act. However, the Eleventh Circuit also stated:

> Permitting injunctions of some breadth in the context of civil enforcement actions brought by the SEC is warranted. . . . [A] broad, but properly drafted injunction, which largely uses the statutory or regulatory language may satisfy the specificity requirement of Rule 65(d) so long as it clearly lets the defendant know what he is ordered to do or not do.

*Id.* at 952. The Court takes that dicta into account when construing the different statutory language in the context of Section 5 here. Accordingly, the Court finds that this language, taken with the record as a whole, demonstrates a sufficient clarity of Defendant's obligations to bring this injunction within the strictures of Fed. R. Civ. P. 65(d). *See United States v. Sarcona*, 457 Fed. App'x 806, 811-12 (11th Cir. 2012) (citing *Chathas v. Local 134 IBEW*, 233 F.3d 508, 513 (7th Cir. 2000) (Posner, J.), in upholding an injunction because the defendant's "obligations were intelligible and capable of enforcement").

the Commission. Prejudgment interest shall be calculated from March 11, 2010, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant Scucci will be precluded from presenting evidence and arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Order; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure, and (e) the Defendant Scucci waives the application of Rule 408, Federal Rules of Evidence, and the Court may consider any financial information the Defendant Scucci has provided to the Commission in the course of discussions leading to the presentation of the Consent.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that in connection with the Commission's motion for disgorgement and civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendant Scucci shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including, but not limited to, payment made pursuant to any insurance policy, with regard to any civil money penalty amount that they pay pursuant to the Order, regardless of whether such penalty amount or any part thereof is added to

a distribution fund or otherwise used for the benefit of investors. Defendant Scucci shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state or local tax for any penalty amount they pay pursuant to the Order, regardless of whether such penalty amount or any part thereof is added to a distribution fund or otherwise used for the benefit of investors.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendant Scucci's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Scucci shall comply with all of the undertakings and agreements set forth therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of making the determinations set forth in Paragraph IV above and enforcing the terms of this Order of Permanent Injunction.

**DONE and ORDERED** in Orlando, Florida this 11th day of September, 2012.

ROY B. DALTON, JR.
United States District Judge

Copies: Counsel of Record
*Pro Se* Party