# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SECURITIES AND EXCHANGE COMMISSION**,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:12-cv-646-Orl-37KRS**

**CHRISTEL S. SCUCCI; KAREN S. BEACH; CAMERON H. LINTON, ESQ.; PROTÉGÉ ENTERPRISES, LLC; and CAPITAL EDGE ENTERPRISES, LLC**,

        Defendants.

_____/

## FINAL JUDGMENT AS TO DEFENDANT CAMERON H. LINTON, ESQ.

The Securities and Exchange Commission having filed a Complaint and Defendant Linton having entered a general appearance; consented to the Court's jurisdiction over Defendant Linton and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant Linton and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].[1]

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Linton and Defendant's agents, servants, employees, attorneys, and all persons in active concert

---

[1]

The Court is aware of the U.S. Court of Appeals for the Eleventh Circuit's recent opinion in *SEC v. Goble*, 682 F.3d 934 (11th Cir. 2012), which held that an overly broad, "obey-the-law" injunction was impermissible in the context of Sections 10b-5, 15, and 17 of the Securities Act. However, the Eleventh Circuit also stated:

> Permitting injunctions of some breadth in the context of civil enforcement actions brought by the SEC is warranted. . . . [A] broad, but properly drafted injunction, which largely uses the statutory or regulatory language may satisfy the specificity requirement of Rule 65(d) so long as it clearly lets the defendant know what he is ordered to do or not do.

*Id.* at 952. The Court takes that dicta into account when construing the different statutory language in the context of Section 5 here. Accordingly, the Court finds that this language, taken with the record as a whole, demonstrates a sufficient clarity of Defendant's obligations to bring this injunction within the strictures of Fed. R. Civ. P. 65(d). *See United States v. Sarcona*, 457 Fed. App'x 806, 811-12 (11th Cir. 2012) (citing *Chathas v. Local 134 IBEW*, 233 F.3d 508, 513 (7th Cir. 2000) (Posner, J.), in upholding an injunction because the defendant's "obligations were intelligible and capable of enforcement").

or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from providing professional legal services to any person in connection with the offer or sale of securities pursuant to, or claiming, an exemption under Securities Act Rule 144 [17 C.F.R. § 230.144], or any other exemption from the registration provisions of the Securities Act, including, without limitation, participating in the preparation of any opinion letter relating to such offerings.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Linton is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Securities Exchange Act of 1934 [17 C.F.R. 240.3a51-1].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Linton shall pay disgorgement of $6,250.00, and a civil penalty in the amount of $7,500.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].  Defendant Linton shall satisfy this obligation by paying $13,750.00 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.  Defendant Linton may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant Linton may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Cameron H. Linton as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.  Defendant Linton shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant Linton relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Linton. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant Linton shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Linton shall comply with all of the undertakings and agreements set forth therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**DONE and ORDERED** in Orlando, Florida this 11th day of September, 2012.

ROY B. DALTON, JR.
United States District Judge

Copies: Counsel of Record
*Pro Se* Party